13-1446
*Costello v. Flatman, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fourteen.

PRESENT:  ROBERT A. KATZMANN,
                    *Chief Judge,*
               ROBERT D. SACK,
                    *Circuit Judge,*
               JED S. RAKOFF,
                    *District Judge.*[*]

---

MIKE COSTELLO,

       *Plaintiff-Appellant,*

    v.                                                            No. 13-1446

FLATMAN, LLC, a New York limited liability company,

       *Defendant-Appellee*,

SHAHID DIN, an individual, DBA Subway, LINCOLN FIVE REALTY, LLC, a New York limited liability company,

       *Defendants.*

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

CERTIFIED COPY ISSUED ON 03/11/2014

| | |
|---|---|
| For Plaintiff-Appellant: | G. Oliver Koppell, Esq., New York, NY |

No appearance for Defendant-Appellee

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for reconsideration in light of this Order.

Plaintiff-Appellant Mike Costello appeals from a March 28, 2013 order of the United States District Court for the Eastern District of New York (Johnson, *J.*), denying his motion for attorneys' fees following the entry of default judgment against Defendant-Appellee Flatman, LLC, on Costello's claims for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12188(a)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pursuant to the ADA, a district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 12205. We review a decision "to award or deny attorneys' fees for abuse of discretion." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 96 (2d Cir. 2008). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and brackets omitted).

Costello argues on appeal that the district court abused its discretion by denying his motion for attorneys' fees in its entirety. For the most part, Costello's arguments lack merit. For example, Costello contends that the district court abused its discretion because its

2

characterization of his suit and the actions of his attorneys demonstrated a disdain for ADA suits writ large and a disrespect for this case in particular. However, the district court acknowledged the worthy goals of the ADA, when used appropriately, but it found, based on counsel's submissions to that court and their litigation history, that the attorneys' efforts here were not deserving of a fee award.

However, we cannot affirm the district court's denial of attorneys' fees on the record before us. In its order, the district court noted that it visited "each of the businesses that were named defendants in Plaintiff's eight lawsuits" and purported to take judicial notice of the fact that "most if not all of the alleged structural deficiencies preventing access to persons with disabilities still exist." App. 115–16 & n.14. The district court drew from its observations the conclusions that plaintiff's counsel never sought to remedy these failings, that counsel's conduct was "mendacious," and therefore that they should receive no attorneys' fees. *Id.* at 116.

However, a court may take judicial notice only of facts that are "not subject to reasonable dispute" because they are generally known in the jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While the district court may be correct in its observations that certain structural defects existed at the time of its visit, it is not clear to this Court that such defects are "not subject to reasonable dispute"or that the conclusions that the district court drew from its observations may be "readily determined from sources whose accuracy cannot reasonably be questioned." *Cf. Ajdin v. Bureau of Citizenship & Immigration Servs.*, 437 F.3d 261, 265 (2d Cir. 2006) (per curiam) (expressing concern with the Board of Immigration Appeals' taking of administrative notice, akin to judicial notice, of an improvement in conditions in another country because this statement "represents a debatable assessment . . . rather than a statement of fact of the kind

3

normally appropriate for the taking of administrative or judicial notice"). Moreover, the district court did not provide notice of its investigation or its findings prior to the issuance of its opinion, which deprived Costello of an opportunity to contest the factual findings contained in the order denying attorneys' fees. *See* Fed. R. Evid. 201(e) ("On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed."). Thus, Costello's claim on appeal that he would have provided some explanation for the status of those facilities undermines the district court's decision to take judicial notice in this context. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)."). Under these circumstances, the district court erred in taking judicial notice of the conditions of these businesses and drawing adverse conclusions therefrom, and we cannot say with certainty that the district court would have reached the same conclusion with respect to attorneys' fees absent this error. Therefore, we must remand for reconsideration of the motion for attorneys' fees.

Finally, we grant Costello's request that this case be reassigned upon remand to a different district court judge in light of the district court's error in conducting its own investigation of the restaurants and taking of judicial notice of its findings. While we do not question the well-respected judge's impartiality—or even his conclusions—we remand the case to a different district judge because "the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind . . . findings determined to be . . . based on evidence that must be rejected." *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (per curiam) (denial of petition for rehearing *en banc*); *accord Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 142 (2d Cir. 2007).

4

Accordingly, we **VACATE** the order of the district court and **REMAND** for reconsideration of the motion for attorneys' fees. The case shall be assigned to another district court judge sitting in the United States District Court for the Eastern District of New York

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5