**LAW OFFICES OF ADAM SHORE, PLLC**
100 Park Avenue, Suite 1600
New York, New York 10017
(t) 646-476-4296
(f) 646-390-7422
atsesq@gmail.com

April 9, 2014

**VIA ECF**
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Costello v. Din et al
               Case No. 11-cv-00287

Dear Judge Matsumoto:

      We write in response to Your Honor's order of April 4, 2014 and with respect to the remand by the Second Circuit Court of Appeals of the above action for determination by Your Honor.

      The matter remanded is an application for the award of attorneys' fees against Flatman, LLC ("Flatman"). Flatman was sued for violations of the Americans with Disabilities Act. Flatman was alleged to be the landlord of the premises where a Subway restaurant was located. The Subway restaurant was operated by a separate defendant which has settled the action against them. As landlord, Flatman was jointly and severally liable.

      Flatman did not appear in the original action. Following an entry of a default against Flatman, attorneys' fees were sought against it. Judge Johnson denied such fees, the denial of which was the subject of the appeal to the Second Circuit. Flatman did not appear before the Second Circuit. However, the Second Circuit vacated Judge Johnson's ruling and remanded the matter for a new determination as to attorneys' fees.

      In light of the vacatur, Plaintiffs' counsel respectfully requests that Your Honor permit Plaintiffs' counsel to withdraw the application for attorneys' fees.

      Insofar as Flatman has defaulted to this point, it is unlikely that the defaulting Flatman will pay legal fees. There is no need to expend further resources to obtain a likely uncollectible judgment.

  In addition, the primary reason in appealing Judge Johnson's determination was what we believed to be the substantial errors in the manner in which he conducted the proceedings and a number of what we believe to be false conclusions. The vacatur of his decision by the Second Circuit has resolved these issues.

  In light of the foregoing, Plaintiff's counsel therefore respectfully withdraws their request for attorneys' fees in this matter.

  Thank you.

                Respectfully submitted,

                */s/ Adam Shore*
                Adam Shore, Esq.


                &

                */s/ B. Bradley Weitz*
                B. Bradley Weitz, Esq.